Hillsborough, }
May 7, 1907. }

### GILES *v.* SMITH, *Ex'x.*

In an action for breach of contract against the promisor's executor, who does not elect to testify, the plaintiff is not a competent witness as to his conversations and dealings with the testator, nor as to the contents of his letters written in reply to those received from the decedent's agent unless it appears that the principal had not read the correspondence and could not testify concerning it.

ASSUMPSIT, for the breach of a contract of Charles G. Smith, the defendant's testator, to employ the plaintiff for one year upon the Manchester News. Transferred from the January term, 1907, of the superior court by *Peaslee*, J.

There was evidence tending to prove the following facts: At about the time Smith came into possession of the newspaper, he asked for the plaintiff's address, so that Mellows, the managing editor, might write to him with a view of employing him to take charge of the circulation department. The address was found, the plaintiff came to the News office and took charge of the circulation department, his name was placed upon the payroll at $18 per week, and he was paid off with the other persons employed

upon the paper.   On one occasion when Smith was paying off the employees he said to the plaintiff: "Your case is the worst of the lot; I will try and see that you do not lose anything by it."

The plaintiff was permitted to introduce in evidence letters from Mellows to him, stating that Smith had bought the News and was in want of a circulation manager, describing the situation, and asking the plaintiff to take the place, and a letter saying, "Your terms are accepted." The plaintiff offered to show that Mellows is now of parts unknown, and then offered himself as a witness to testify to the contents of his letters in reply to those received from Mellows, and also that when he came to Manchester Smith said that Mellows was authorized to hire him.   The executrix did not elect to testify.   The plaintiff's testimony was excluded, subject to exception.

*David W. Perkins*, for the plaintiff.

*Irving T. George* (with whom were *Burnham, Brown, Jones & Warren*), for the defendant.

PARSONS, C. J.   As the executrix did not elect to testify, the plaintiff was properly excluded as a witness to all facts occurring in the lifetime of the deceased as to which the deceased could have testified if living.   P. S., c. 224, ss. 16, 17; *Parsons* v. *Wentworth*, 73 N. H. 122; *Perkins* v. *Perkins*, 68 N. H. 264. Under the settled construction of the statute, the plaintiff could not testify to what Smith did or told him; nor to the contents of the letters, if Smith had seen them and therefore could have testified to their contents.   *Welch* v. *Adams*, 63 N. H. 344, 351. The plaintiff's testimony was not competent unless the contrary appeared.   *Harvey* v. *Hilliard*, 47 N. H. 551; *Fosgate* v. *Thompson*, 54 N. H. 455; *Parsons* v. *Wentworth, supra*.

*Exception overruled.*

All concurred.